**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**THOMAS F. WETHERALL,** )
**BRENDA D. WETHERALL,** )
)
    **Appellants,** )
)
      **v.** )    **Civil Action No. 07-153 Erie**
)
**GARY V. SKIBA, Trustee.** )    **(Bankruptcy No. 05-11976)**
)
    **Appellee.** )
)

### Memorandum Opinion and Order

This is an appeal of a bankruptcy court order entered on March 13, 2006, in the United

States Bankruptcy Court for the Western District of Pennsylvania. Appellants Thomas F.

Wetherall and Brenda D. Wetherall (hereinafter the "Debtors") filed a Notice of Appeal in the

Bankruptcy Court on May 25, 2007. Because the Debtors filed their notice of appeal fourteen

months after entry of the order from which they appeal, they also filed a Motion for Leave of

Court to File Appeal Nunc Pro Tunc, to which the Appellee, Trustee Gary V. Skiba, filed a

Response. For the reasons that follow we deny the Debtors' motion and dismiss this action.


Debtors explain that the Wife-Debtor, Brenda D. Wetherall, is the owner of an IRA,

which the Debtors sought to claim as exempt. In light of the evolving law on this issue, the

Bankruptcy Court issued an Order dated January 17, 2006, which stated in relevant part as

follows:

> . . . it appears that this matter will largely be decided by final order s in the
> cases of In re Benson, Bankr. No. 03-34318BM, Doc. #10 (Bankr. WD PA,
> June 3, 2005) (Judge Markovitz) and In re Reutzel, Bankr. No. 04-
> 10092WWB, Doc. #93 (Bankr. WD PA, Aug 30, 2005) (Judge Bentz), both of
> which are pending on appeal before the United States District Court, and it
> appearing that the assets should be preserved pending conclusion of the within
> matter, it is ORDERED as follows:
>
>     1. Further action on the within matter is deferred pending a final order
> on the Reutzel case.

. . . .

(January 17, 2006 Order, attached as Exhibit 1 to Debtors' Motion for Leave to File Appeal

Nunc Pro Tunc.) On February 13, 2006, the United States District Court for the Western

District of Pennsylvania, (McLaughlin, J.) issued a Memorandum Opinion and Order in the

Reutzel case affirming the Bankruptcy Court's order finding that the debtor's IRA was not

exempt. Reutzel v. Roeder, Doc. 10, Civ. No. 05-300 Erie (W.D.PA. Feb. 13, 2006).

Thereafter, on March 13, 2006, Judge Bentz issued his Memorandum and Order finding that

Brenda Wetherall's IRA was not exempt. (Memorandum and Order, March 13, 2006,

attached as Exhibit 2 to Debtors' Motion for Leave to File Appeal Nunc Pro Tunc.)

The Federal Rules of Bankruptcy Procedure provide in relevant part as follows:

**Rule 8002. Time for Filing a Notice of Appeal**
**(a) Ten-day period**
   The notice of appeal shall be filed with the clerk within 10 days of the date of
entry of the judgment, order, or decree appealed from. . . .

. . .
**(c) Extension of time for appeal**
   **(1)** The bankruptcy judge may extend the time for filing the notice of appeal
by any party, unless the judgment, order, or decree appealed from [falls with
one of six listed categories]

. . .
   **(2)** A request to extend the time for filing a notice of appeal must be made
by written motion filed before the time for filing a notice of appeal has expired,
except such a motion filed not later than 20 days after the expiration of the
time for filing a notice of appeal may be granted upon a showing of excusable
neglect. An extension of time for filing a notice of appeal may not exceed 20
days from the expiration of the time for filing a notice of appeal otherwise
prescribed by this rule or 10 days from the date of entry of the order granting
the motion, whichever is later.

Fed.R.Bankrp.P. 8002. None of the above apply to Debtors' circumstances, and they do not

argue for leave to appeal out of time based on the bankruptcy procedure rules. Instead,

Debtors argue that leave should be granted because counsel was never served with the March

13, 2006 Memorandum and accompanying Order, and he did not learn of the Order until he

contacted the Trustee on April 15, 2007 to inquire as to the status of the matter. Debtors also

note that the Trustee did not take any steps to enforce the March 13, 2006 Order, which held

Brenda Wetherall's IRA not to be exempt; he did not informally contact Debtors nor did he

formally file an action for turnover of the IRA funds for over a year, from March 13, 2006 through April 15, 2007. Finally, Debtors also aver that the March 13, 2006 Order did not otherwise come to their attention

Rule 9022 of the Federal Rules of bankruptcy procedure states:

Immediately on the entry of a judgment or order the clerk shall serve a notice of entry in the manner provided in Rule 5(b) F.R.Civ.P. [which permits service by electronic filing] on the contesting parties . . . ." F.R.Bankr.P. 9022(a). In addition, this rule provides that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." F.R.Bankr.P. 9022(a).

Although there is "some doubt as to whether Rule 8002 is a jurisdictional bar[,] "[t]he Third Circuit appears to be leaning toward an interpretation of Rule 8002 as a 'claim-processing' provision." Fryer v. Enterprise Bank, Civ. No. 06-550, 2006 WL 3052165, *3 n.3 (W.D.PA. Oct. 23, 2006). "In an unpublished decision, the Third Circuit recently noted that, '[u]nder Eberhart[ v. United States, 546 U.S. 12, 126 S.Ct. 403 (2005)], the time limits of Rule 8002 are not jurisdictional.'" Fryer, 2006 WL 3052165, *3 n.3, quoting, In re Ezekoye, No. 04-4017, 2006 WL 1683483, at *2 n.2 (3d Cir. June 20, 2006)(per curiam). In contrast, six months after the Ezekoye opinion, the Third Circuit issued an unpublished decision in which it stated the "ten-day mandate of Rule 8002 is jurisdictional." In re Barbel, No. 06-1793, 2006 WL 3690653, *1 (#d Cir. Dec. 14, 2006). In this case, we need not determine this issue because either way the time limits of Rule 8002 "assure relief to a party properly raising them." Eberhart, 126 S.Ct. at 407. Here. the Trustee has properly raised the time limits of Rule 8002.

We note that Debtors did receive notice of the January 17, 2006 Order, which deferred the matter, but they do not state whether they received notice by electronic filing or by mail. The March 13, 2006 Memorandum, and the Order dated the same date, indicate after the Judge's signature that copies were to be "cc'd" to Gary V. Skiba, Esq. and Jeff A. Connelly,

3

Esq., counsel for Debtors. (See Ex. 2 to Debtors' Motion). It is undisputed that the Bankruptcy Court mailed notice of the March 13, 2006 Order only to Gary V. Skiba, and it does not appear that Debtors' counsel was served by electronic transmission. Thus, we can only speculate as to why the Bankruptcy Court failed to mail notice to the Debtors and failed to notify them by electronic transmission, despite indicating on the pleadings themselves that copies were to be served on both counsel. In addition, it is disturbing that the Trustee who received notice of the Order failed to take any action at all on it until after Debtors' counsel contacted him fourteen months after the event.

While it is true that the Trustee was under no obligation to take any action, one would think that mere professionalism would be enough for most attorneys to contact opposing counsel, as well as to proceed to collect funds as the Trustee in a timely manner. Thus, we are sympathetic to Debtors' argument that they did not receive notice of the Order. However, in light of the applicable law, we do not have the authority to grant Debtors' motion to file this appeal out of time.

While we don't understand the Bankruptcy Court's and Trustee's failure to ensure that Debtors' counsel actually received notice of an adverse order, we also fail to understand why Debtors' counsel himself did not monitor the case more closely so as not to miss such an order. Moreover, counsel could have also kept track of the specific cases pending resolution in the District Court that were cited by the Bankruptcy Court in the January 17, 2006. If this was done, counsel would have noted that the Reutzel case was resolved on February 13, 2006, before the Bankruptcy Court issued an Order in Debtors' case. Apparently counsel also took no action to inquire as to the status of Debtors' case even after the second case was resolved on August 18, 2006. Walsh v. Benson, Civ. No. 05-290 Johnstown, Doc. 8, (W.D.PA. Aug. 18, 2006) (Gibson, J.). Even with both pending decisions decided, no action was taken to determine if the Bankruptcy Court had acted for another eight months. This lengthy history of inaction negates any suggestion of inadvertence on the part of Debtors. Therefore , we will deny Debtors motion for leave to file this appeal out of time.

4

An appropriate order follows.

AND NOW, to-wit, this __1 2__ day of June, 2007, it is hereby ORDERED, ADJUDGED and DECREED that Thomas F. Wetherall and Brenda D. Wetherall's Motion for Leave of Court to File Appeal Nunc Pro Tunc be and hereby is DENIED.

The Bankruptcy Appeal filed by Thomas F. Wetherall and Brenda D. Wetherall is hereby dismissed.

This case shall be marked CLOSED.

Maurice B. Cohill Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

5